475 A.2d 1165

**ATTORNEY GRIEVANCE COMMISSION OF MARYLAND**

**v.**

**A. Fred FREEDMAN.**

**Misc. (BV) No. 16, Sept. Term, 1983.**

Court of Appeals of Maryland.

June 4, 1984.

A. Fred Freedman and Robert S. Freedman, Washington, D.C., for respondent.

Glenn M. Grossman, Asst. Bar Counsel, Annapolis (Melvin Hirshman, Bar Counsel, Annapolis, on the petition), for petitioner.

Argued before MURPHY, C.J., and ELDRIDGE, COLE, DAVIDSON, RODOWSKY, COUCH, JJ., and JAMES C. MORTON, Jr., Retired, Specially Assigned Judge.

## ORDER

The Court having considered the findings of fact and conclusions of law filed in these proceedings by Judge L. Leonard Ruben of the Circuit Court for Montgomery County; and

Judge Ruben having found that the respondent practiced law under the trade name "The Lawyers at Dart Drug" in violation of DR 2–102(A) of the Code of Professional Responsibility; and

The respondent having taken exception to Judge Ruben's findings that "The Lawyers at Dart Drug," as used in his law practice, is a trade name, and having further maintained that such use constitutes commercial speech protected by the first amendment to the federal constitution; and

Bar Counsel having recommended a reprimand as the appropriate sanction in this case; and

It appearing to the Court that, as used by the respondent, "The Lawyers at Dart Drug" is a prohibited trade name under DR 2–102(A), not constituting commercially protected speech under the first amendment, *see In re Corporate Name—Oldtowne*, 285 Md. 132, 400 A.2d 1111 (1979); and

It further appearing that respondent's use of the trade name was under a bona fide belief that such use was not prohibited by law, and that respondent has now disassociated himself from all use of the prohibited trade name; and

It also appearing to the Court that, in the circumstances of this case, no sanction is appropriate and the charges should be dismissed upon payment of all costs of these proceedings by the respondent.

It is this 4th day of June, 1984, ORDERED, by the Court of Appeals of Maryland, that upon payment of all costs of these proceedings by the respondent the charges shall be forthwith dismissed.

ELDRIDGE, Judge, concurring in part and dissenting in part.

I agree with the Court that the charges should be dismissed, although I am not convinced that a prohibited "trade name" was used. I dissent from that part of the Order requiring that the respondent pay all costs of these proceedings.

I am authorized to state that Judge DAVIDSON concurs in the views expressed herein.