522 A.2d 1347

**Ex parte In the Matter of the Application of LORD & WHIP, P.A.**

**Misc. No. 21, Sept. Term, 1986.**

Court of Appeals of Maryland.

April 3, 1987.

Submitted to MURPHY, C.J., and ELDRIDGE, COLE, RODOWSKY, COUCH, McAULIFFE and ADKINS, JJ.

## ORDER

The Court having considered the petition for certificate of authorization for corporate name—Lord & Whip, P.A. and the response to the petition filed by the Attorney Grievance Commission of Maryland, indicating that the use of the name, Lord & Whip, P.A. would not be in violation of the appropriate sections of the Corporation and Associations Article of the Annotated Code of Maryland and Rules 7.1 and 7.5 of the Maryland Rules of Professional Conduct, it is this 3rd day of April 1987

ORDERED, by the Court of Appeals of Maryland, that the petition be, and it is hereby, granted and the petitioner is authorized to change its name to Lord & Whip, P.A.

COLE, J., dissents.

COLE, Judge, dissenting.

In this petition the law firm of Lord, Whip, Coughlan & Green, P.A. seeks a certificate of authorization to change its name to Lord & Whip, P.A. J. Walter Lord and George W.P. Whip were former partners of the petitioner and are now long deceased. Rule 7.5 of the Maryland Lawyers' Rules of Professional Conduct governs the use of law firm names and forbids those that are "false or misleading." When the Rule was adopted I stated that I did not concur with that portion of the Comment to Rule 7.5 that states: "A firm may be designated . . . by the names of deceased . . . members. . . ." I believed then that it was false and misleading for a firm to state as part of its name the name of a lawyer who has been deceased for more than five years. My view today is unchanged. I therefore would not grant the certificate of authorization in this case.