488

635 A.2d 1338

**PETITION FOR Court's Approval of Attorney's Use of TRADE NAME.**

**Misc. No. 15, Sept. Term, 1993.**

Court of Appeals of Maryland.

Jan. 27, 1994.

Alan L. Tanenbaum, Bethesda, for appellant.

Melvin Hirshman, Bar Counsel, Atty. Grievance Com'n, for appellee.

Argued before MURPHY, C.J., RODOWSKY, McAULIFFE,* CHASANOW, KARWACKI and ROBERT M. BELL, JJ., and CHARLES E. ORTH, Jr., Associate Judge of the Court of Appeals (retired) Specially Assigned.

---

\* McAULIFFE, J. now retired, participated in the hearing and conference of this case while an active member of this Court; after being recalled

CHASANOW, Judge.

Alan L. Tanenbaum, an attorney admitted to practice law in this State, filed a "Petition for Court's Approval of Attorney's Use of Trade Name." In his petition, Tanenbaum "requests the Court's approval of the Petitioner's use of the trade name 'Home Buyer's Legal Counsel' " as being in compliance with Rules 7.1 and 7.5 of the Maryland Rules of Professional Conduct. We must dismiss his petition, however, because we lack the jurisdiction to render advisory ethics opinions.

Based on decisions such as *In re Corporate Name—Oldtowne*, 285 Md. 132, 400 A.2d 1111 (1979) (finding corporate name improper under the Code of Professional Responsibility) and *Application of Lord & Whip, P.A.*, 309 Md. 222, 522 A.2d 1347 (1987) (approving corporate name where it did not violate the Rules of Professional Conduct), Petitioner may have assumed that this Court had the authority either to approve of or disapprove of his contemplated trade name. Those cases, however, are inapposite to the instant matter. In both *In re Corporate Name—Oldtowne* and *Application of Lord & Whip, P.A.*, professional service corporations sought approval of corporate names based upon provisions contained within Title 5, Subtitle 1 of the Corporations and Associations Article of the Maryland Code.

For instance, in *In re Corporate Name—Oldtowne*, this Court discussed the pertinent provisions of the Corporations and Associations Article under which the petition for review of the name "Oldtowne Legal Clinic, P.A." was filed:

"Section 5–111 provides that to obtain a certificate of authority for a corporate name, a professional service corporation must file an application 'with the appropriate licensing unit' which is defined in § 5–101(c) to mean 'the board, agency, or other entity which licenses or otherwise legally authorizes the performance of a professional service.' Section 5–111(c) requires the 'licensing unit' to consult with and

pursuant to the Constitution, Article IV, § 3A, he also participated in the decision and adoption of this opinion.

obtain approval of the statewide professional organization to which the majority of individuals in the State performing the same professional service belong. Section 5–111(d) provides that if the licensing unit and professional organization approve of the proposed corporate name, the licensing unit shall issue a certificate of authorization.

\* \* \* \* \* \*

*The Court, as the licensing unit contemplated by § 5–111 of the Act in connection with professional associations of lawyers,* requested the Maryland State Bar Association to consider [the] petition and to file a brief amicus curiae addressing the issues in the case." (Emphasis added). 285 Md. at 135, 400 A.2d at 1113–14. The Court further explained that, according to these provisions, the Court should consider whether the usage of the name conflicts with " 'established ethical standards, rules, and regulations of the profession.' " 285 Md. at 138, 400 A.2d at 1115 (quoting Maryland Code (1975), Corporations and Associations Article, § 5–111(c)(2), now codified in Md.Code (1975, 1993 Repl.Vol., 1993 Cum.Supp.), Corps. & Ass'ns Art., § 5–108(c)(2)). Trade names were prohibited under the now obsolete Code of Professional Responsibility, and this Court disapproved of the name at issue in *In re Corporate Name—Oldtowne. See* Maryland Rules (1986 Repl.Vol.), DR 2–102(A) ("A lawyer in private practice shall not practice under a trade name...."); *see also Attorney Griev. Comm'n v. Freedman,* 300 Md. 22, 475 A.2d 1165 (1984) (disapproving of, in a disciplinary proceeding, the trade name "The Lawyers at Dart Drug" pursuant to DR 2–102(A)); *Attorney Griev. Comm'n v. Powers,* 300 Md. 25, 475 A.2d 1167 (1984) (prohibiting, in a disciplinary proceeding, the trade name "Union Legal Services" pursuant to DR 2–102(A)).

Similarly, in *Application of Lord & Whip, P.A.,* the petitioner filed an "Application for Certificate of Authorization to Use the Corporate Name 'Lord & Whip, P.A.' Pursuant to Sections 5–109 through 5–11[1] of the Corporations and Associations Article of the Annotated Code of Maryland." In that applica-

tion, the petitioner complied with Md.Code (1975, 1985 Repl. Vol.), Corps. & Ass'ns Art., § 5–111(a), by including in its application the contemplated corporate name, the reasons for adopting it, and the number of stockholders the corporation has or will have when incorporated. The petitioner specifically requested that this Court "grant [his petition] under the provisions of Sections 5–109 through 5–111...." Based on the application, and the Attorney Grievance Commission's indication that the name would not violate the Rules of Professional Conduct, we granted the petition.

In the instant matter, however, Petitioner asks us to render an advisory ethics opinion on the propriety of the trade name he intends to use; he does not ask us to issue a certificate for a corporate name pursuant to the authority granted us under the Corporations and Associations Article. Thus, Petitioner's request is no different than a request for an advisory ruling from this Court that the fee an attorney intends to charge is reasonable under Rule 1.5 of the Rules of Professional Conduct, or a request that this Court determine whether a claim is meritorious, pursuant to Rule 3.1, prior to the lawyer filing suit. Because it would be improper for this Court to render an advisory ethics opinion, we shall not address the instant petition.

We wish to make it clear that our dismissal of the petition should not be considered an approval of the Petitioner's use of the trade name he desires. We recognize that, according to the comment to Rule 7.5 of the Rules of Professional Conduct, a firm "may be designated by the names of all or some of its members, by the names of deceased or retired members where there has been a continuing succession in the firm's identity or by a trade name such as the 'ABC Legal Clinic.'" We also note that Petitioner's generic trade name does not include the name of the attorney responsible for it. *Cf.* Rule 7.2(d) ("Any communication made pursuant to this Rule shall include the name of at least one lawyer responsible for its content."). Petitioner may wish to contact the Maryland State Bar Association's Committee on Ethics, and seek its opinion on the permissibility of generic names such as "Home Buyer's

Legal Counsel" in light of Rule 7.5's prohibition on names that "imply a connection with a government agency or with a public or charitable legal services organization" and Rule 7.1's prohibition on "misleading" communications.

*PETITION FOR COURT'S APPROVAL OF ATTORNEY'S USE OF TRADE NAME IS HEREBY DISMISSED. COSTS TO BE PAID BY PETITIONER.*